UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT T. WRIGHT,

       Plaintiff,

v.                                              Case No. 1:13-cv-962
                                               Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income (SSI).

       Plaintiff was born on October 6, 1960 (AR 156).[1] Plaintiff alleged a disability onset date of January 8, 2003, which he later amended to March 18, 2010, the date he filed his application for SSI (AR 23). Plaintiff earned a GED in 1999 and had previous employment as a general laborer, a maintenance worker and a packer (AR 163). Plaintiff identified his disabling conditions as chronic obstructive pulmonary disease (COPD), asthma, high cholesterol, acid reflux and diabetes (AR 161). An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 19, 2012 (AR 23-32). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months.  *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his SSI application date of March 18, 2010 (AR 25). At the second step, the ALJ found that plaintiff had severe impairments of asthma, chronic airway obstruction/COPD, and disorders of the spine (AR 25). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 26). Specifically, plaintiff did not meet the requirements of Listings 1.04 (disorders of the spine) or 3.02 A or 3.02B (chronic pulmonary insufficiency) (AR 26-27). The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform full range of light work as defined in 20 CFR 416.967(b) except the total standing and/or walking maximum is four hours in an eight-hour workday. He must also avoid exposure to environmental irritants.

(AR 27). The ALJ also determined that plaintiff was unable to perform his past relevant work (AR 30).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the regional economy (defined as the Lower Peninsula of Michigan)(AR 31). Specifically, plaintiff could perform the following: packager (3,500 jobs); inspector (2,500 jobs); and office helper (6,000 jobs) (AR 31). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since March 18, 2010, the date the SSI application was filed (AR 31-32).

4

### III. ANALYSIS

Plaintiff has raised two issues on appeal:

**A.     The Commissioner erred in according appropriate weight to the opinions of Dr. Johnson, Dr. Van Gelder, and Dr. Lasater, plaintiff's treating physicians.**

Plaintiff contends that the ALJ failed to give appropriate weight to his treating physicians at A-doc Medical (formerly Ionia Family Medicine), identified as Steven P. Johnson, D.O., Richard Van Gelder, M.D., and Steven Lasater, M.D.  Plaintiff cites Dr. Johnson's assessment at AR 409, which appears to be the doctor's December 26, 2011 "physical capacities assessment" designated as Exhibit 11F (AR 408-09).  Plaintiff also cites Dr. Van Gelder's  December 26, 2011 opinion (AR 403-04).  Based on the citation, plaintiff is actually referring to Dr. Van Gelder's assessment from February 17, 2011, which is designated as Exhibit 9F.  Finally, plaintiff refers to a record in which Dr. Lasater advised plaintiff to test his blood sugar levels at specific and varying times of the day (AR 414).  This appears in a treatment note dated April 12, 2011, which is part of Exhibit 13F.

"In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals

most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

In his December 26, 2011 assessment, Dr. Johnson stated plaintiff's diagnoses as asthma, COPD, hypertension and diabetes (AR 408). The doctor indicated that plaintiff could: frequently ("continuously up to 8 hours") sit, stand and reach over the shoulder; sometimes ("continuously up to 2 hours or occasionally up to 6 hours") lift up to 10 pounds and bend; and never lift up to 25 pounds or squat, crawl or kneel (AR 408). In addition, the doctor answered six questions posed on the assessment which asked for his opinions on how plaintiff's symptoms would affect his ability to work 40 hours per week, 8 hours per day in a competitive work environment. The doctor responded "yes" to the following questions: plaintiff would need a sit-stand option and the ability to walk about as symptoms dictate; plaintiff would likely miss three days or more of work

per month and likely be tardy 3 or more days per month; plaintiff would need frequent and unscheduled breaks from work; and that the combined effects of these impairments on plaintiff's activities are greater than the effect of each impairment considered separately (AR 408-09). However, the doctor answered "no" when asked if plaintiff wold have severe limitations as to pae and concentration (defined as "off task 20% [sic] or more percent of the time") (AR 408). Then, on a scale ranging from permanent - temporary - progressive - stable, the doctor indicated that plaintiff's condition was "progressive" (AR 408). Finally, the doctor indicated that plaintiff's medically determinable impairments could be reasonably expected to cause the pain and other symptoms that plaintiff described to him (AR 409).

      Dr. Van Gelder completed a similar form on February 17, 2011, listing plaintiff's diagnoses as diabetes, hyperlipedemia, arthritis and COPD (AR 403). Unlike Dr. Johnson, Dr. Van Gelder did not indicate that plaintiff could perform any activity "frequently" (AR 403). Dr. Van Gelder indicated that plaintiff could: sometimes sit, stand, lift up to 10 pounds, bend, grasp, push, pull and climb stairs; and never lift up to 25 pounds, squat, crawl, kneel, reach over shoulder, or climb (AR 403). Dr. Van Gelder's form included some of the same questions as Dr. Johnson's. Dr. Van Gelder answered "yes" to the questions regarding plaintiff's ability to sit and stand; missing work; and the combined effects of his impairments (AR 404). However, Dr. Vand Gelder disagreed with Dr. Johnson by answering "yes" when asked if plaintiff would have severe limitations as to pace and concentration (AR 404). In addition, Dr. Van Gelder also answered "yes" when asked: if plaintiff was best suited for part-time work as opposed to full-time work; and if plaintiff would need breaks from work as symptoms dictate (AR 404). Finally, while Dr. Van Gelder agreed with Dr. Johnson that plaintiff's medically determinable impairments were reasonably expected to cause the

pain and other symptoms described by plaintiff, Dr. Van Gelder disagreed with Dr. Johnson's by characterizing plaintiff's conditions as "permanent" rather than "progressive" (AR 404).

Finally, in a treatment note dated April 12, 2011, Dr. Lasater noted that plaintiff's "home blood sugars are fairly well controlled" and that plaintiff checked them at various times throughout the day (AR 414). The doctor urged plaintiff to check every morning since he was on insulin as well as two hours after one meal each day (AR 414). The doctor noted that plaintiff's diabetes was under "questionable control" with "Labs pending" (AR 414).

The ALJ addressed the doctors' opinions as follows:

> The claimant has had various "no work" opinions from his treating physicians (Exhibit 9F, 10F, 11F, 12F). Although the treating medical sources in [sic] have concluded that the claimant is disabled (or limited to a reduced range of sedentary work), the determination of disability for Social Security purposes is reserved to the Commissioner and his designees. The undersigned observes that although the doctors have concluded that the claimant could not work, such statements are not supported by their treatment records, physical examinations, x-ray evidence of the claimant's back, or the pulmonary function studies, which are showing improvement in the claimant's respiratory condition. Indeed, Dr. Laster reported in August 2011 that the claimant's August 2011 pulmonary function tests were better than in February 2011 (Exhibit 13F/2, 3). The undersigned, accordingly, does not give controlling or significant weight to the opinions of Dr. VanGelder, Dr. Johnson, and Dr. Lasater. The undersigned finds that such opinions are not well supported by the objective and other substantial evidence of record and gives them "limited" weight.

(AR 29-30).

Based on this record, the ALJ did not properly evaluate the opinions of plaintiff's treating physicians, Drs. Van Gelder, Johnson and Lasater. The ALJ did not address any specific finding as expressed in the doctors' opinions, other than the fact that they issued a number of "no work" opinions. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some

minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). Here, the ALJ has failed to provide a meaningful articulation of her reasons for rejecting the opinions expressed by plaintiff's treating physicians, Drs. Van Gelder, Johnson and Lasater. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the opinions of Drs. Van Gelder, Johnson and Lasater.

> **B.    The Commissioner erred at Step 2 of the Sequential Evaluation Process, when the ALJ failed to classify plaintiff's arthritis and diabetes as "severe" conditions and failed to consider the limitations caused by the conditions when determining plaintiff's residual functional capacity (RFC).**

Plaintiff contends that the ALJ erred at step 2 because she failed to identify unrebutted evidence that plaintiff suffered from severe impairments of diabetes and arthritis. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servivces*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider

such non-severe conditions in determining the claimant's residual functional capacity. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). Here, the ALJ found that plaintiff had severe impairments of asthma, chronic airway obstruction/COPD and disorders of the spine (AR 25). The ALJ's failure to include additional severe impairments at step two is legally irrelevant. Accordingly, plaintiff's claim of error will be denied.

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the opinions of plaintiff's treating physicians, Drs. Van Gelder, Johnson and Lasater. A Judgment consistent with this Opinion will be issued forthwith.


Dated:  September 25, 2014                                    /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge